## The Cement Rock.

### Eastern & A. R. Co. v. The Alaska.

*(District Court, S. D. New York.   May 8, 1889.)*

Collision—Between Steamers—Crossing Bows—Backing when Danger Apparent.
  Where the primary fault is on the vessel bound to keep out of the way for improperly attempting to cross the other's bows, the latter will not be held in fault except upon a preponderance of proof that she did not stop and back as soon as she had reason to apprehend danger, because the other could not or would not clear without her co-operation.

In Admiralty.   Libel for collision.
*Goodrich, Deady & Goodrich,* for libelant.
*Wilcox, Adams & Macklin,* for claimant.

Brown, J.   About half-past 6 A. M., November 13, 1888, as the libelant's steam-lighter Cement Rock was going up and across the East river towards the New York shore, she came in collision, from 200 to 400 feet off pier 39, with the ferry-boat Alaska, which was on one of her usual trips from Williamsburgh to Roosevelt-Street slip, New York. According to the testimony, the signal whistles of each boat were not heard as given. The Cement Rock, however, having the Alaska on her starboard hand, was required by the rules to go to the right. There was nothing to prevent her doing so. The tide was strong ebb. Instead of observing the rule, she undertook to cross the Alaska's bows to get into the slack water on the New York shore, and gave a signal of two whistles. The pilot of the Alaska heard, as he says, but one blast, and gave a reply of one, which was not heard on the Cement Rock. The Alaska continued to sheer somewhat towards the New York shore, heading for her slip.

The Cement Rock too late undertook to change and go to the right. She claims that the Alaska then gave her two whistles, which is denied by the latter; and I am inclined to think the only foundation for this is the several short blasts given by the Alaska as a danger signal when the boats were very near each other. In disobeying the rules without excuse, the Cement Rock took the risk of her attempt to cross the Alaska's bows. The Alaska reversed her engines, and came nearly to a standstill. The primary fault being on the part of the Cement Rock, all that was incumbent upon the Alaska was, to stop and reverse so soon as she had reason to apprehend that the Cement Rock could not, or would not, clear her, either by crossing or by going to the right. Considering the ease with which the Cement Rock was handled, and the fact that the Alaska must have been nearly, if not quite, stopped, I do not feel justified in holding that she did not reverse as soon as it was evident that the Cement Rock could not be expected to clear without the Alaska's co-operation; and unless that is reasonably plain upon a preponderance of proof, the vessel having the original right of way is not to be charged with fault. *The Baltic,* 2 Ben. 98; *The Greenpoint,* 31 Fed. Rep. 231; *The Servia,* 30 Fed. Rep. 502, (both affirmed in the circuit;) *The Farragut,* 35 Fed. Rep. 617; *The City of Albany,* 34 Fed. Rep. 812; *The St. John,* Id. 763, 7 Blatchf. 220. The libel must therefore be dismissed, with costs.